J-S11021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCISCO PEREZ | |
| Appellant | No. 1394 MDA 2014 |

Appeal from the PCRA Order July 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003313-2000

_____

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| FRANCISCO PEREZ | |
| Appellant | No. 1395 MDA 2014 |

Appeal from the PCRA Order July 25, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003314-2000

BEFORE:  PANELLA, J., OTT, J., and MUSMANNO, J.

MEMORANDUM BY OTT, J.:                    **FILED JUNE 02, 2015**

Francisco Perez appeals *pro se* from the consolidated order entered in

the Berks County Court of Common Pleas, dated July 25, 2014, dismissing

his serial petition filed under the Post-Conviction Relief Act ("PCRA")[1] as untimely.[2] Perez seeks relief from the judgment of sentence of an aggregate 34½ to 73 years' imprisonment imposed on March 15, 2001, following his jury conviction for numerous crimes, including attempted first-degree murder and four counts of aggravated assault.[3] Because we agree the petition is untimely, we affirm.

Perez's convictions for attempted murder and related offenses arose from the shooting of a man who had stolen from him a large sum of cash that was intended for purchasing drugs. The PCRA court set forth the relevant procedural history as follows:

> Following a jury trial held March 13, 2001, through March 15, 2001, [Perez] was found guilty under Docket No. 3313-2000 of one (1) count of Attempted First Degree Murder,[1] four (4) counts of Aggravated Assault,[2] one (1) count of Firearms Not to be Carried Without a License,[3] two (2) counts of Recklessly Endangering Another Person,[4] four (4) counts of Simple Assault,[5] and one (1) count of Possession of a Weapon.[6] The Court also found [Perez] guilty of one (1) count of Persons Not to Possess or Use Firearms.[7] Under Docket No. 3314-2000,[8] the Court found [Perez] guilty of one (1) count [of] Terroristic Threats[9] and one (1) count of Flight to Avoid Apprehension, Trial or Punishment.[10]
>
> [1] 18 [PA.C.S.] § 901(a), 2502(a).

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] As will be discussed in more detail in the factual history, we note the two matters were tried together, and the PCRA court disposed of them in one order.

[3] 18 Pa.C.S. §§ 901(a), 2502(a), 2702(a)(1), (4), respectively.

<sup>2</sup> 18 [PA.C.S.] § 2702(a)(1), (4)[.]

<sup>3</sup> 18 [PA.C.S.] § 6106(a).

<sup>4</sup> 18 [PA.C.S.] § 2705.

<sup>5</sup> 18 [PA.C.S.] § 2701(a)(1), (3).

<sup>6</sup> 18 [PA.C.S.] § 907(b).

<sup>7</sup> 18 [PA.C.S.] § 6105(a). This count was severed prior to the start of the jury trial and decided by the Court after [Perez] waived his right to a jury trial on this charge.

<sup>8</sup> The Court also found [Perez] guilty of one (1) count of Possession with Intent to Deliver a Controlled Substance, 35 P.S. § 780-113(a)(30), and one (1) count of Possession of a Controlled Substance, 35 P.S. § 780-113(a)(16). However, these charges were later *nolle prossed* by the Commonwealth on February 18, 2004.

<sup>9</sup> 18 [PA.C.S.] § 2706(a).

<sup>10</sup> 18 [PA.C.S.] § 5126(a).

[Perez] was sentenced to an aggregate term of thirty-four and a half (34½) to seventy-three (73) years of incarceration. Specifically, [Perez] was sentenced to serve no less than twenty (20) to no more than forty (40) years on the Attempted First Degree Murder count. [Perez] was also ordered to serve a *consecutive* term of no less than seven and a half (7½) to no more than fifteen (15) years on one of the Aggravated Assault counts. Additionally, [Perez] was sentenced to serve no less than one (1) to no more than three (3) years on the Firearms Not to be Carried Without a License and Possession of a Weapon counts. These sentences were ordered to be served concurrently with the sentence imposed on the Aggravated Assault count. [Perez] was sentenced to an additional five (5) to ten (10) years on the Persons Not to Possess or Use Firearms count. Under Docket No. 3314-2000, [Perez] was ordered to serve no less than one (1) to no more than five (5) years on the Terroristic Threats count. This sentence is to be completed at the expiration of the sentence imposed on the Persons Not to

Possess or Use Firearms conviction. Lastly, [Perez] was sentenced to serve a *consecutive* one (1) to three (3) years on the Flight to Avoid Apprehension, Trial or Punishment count. [Perez] was represented at trial and sentencing by William Bispels, Esquire.

On April 12, 2001, [Perez] filed a *pro se* Notice of Appeal, and the Court appointed Gail Chiodo, Esquire, on May 1, 2001, to represent [Perez] in the pursuit of a direct appeal. The Pennsylvania Superior Court affirmed [Perez]'s judgment of sentence by Memorandum dated October 3, 2002.[11]

> [11] The Superior Court vacated [Perez]'s drug-related convictions on jurisdictional grounds. The Commonwealth filed [a] Petition for Allowance of Appeal ("PAA") in the Pennsylvania Supreme Court on November 1, 2002. The Supreme Court granted the Commonwealth's PAA on December 2, 2003, and reversed the Superior Court's order as it related to the drug-related convictions. Because the Commonwealth later decided to *nolle pross* [Perez]'s drug-related charges, this has no bearing on the present PCRA petition. [Perez also filed a PAA, which the Supreme Court denied on December 2, 2003].

PCRA Court Opinion, 6/26/2014, at 1-3.

Since then, Perez has filed five petitions under the PCRA.[4] None of these petitions has provided Perez any relief.[5] Perez filed the present *pro se* PCRA petition, his sixth, on April 28, 2014. After determining that the petition was untimely, the PCRA court notified Perez of its intent to dismiss

---

[4] **See** PCRA Court Opinion, 6/26/2014, at 3 (chart).

[5] In his most recent appeal, a panel of this Court affirmed the dismissal of Perez's fifth petition for relief because it was untimely and he failed to allege any exception to the time limitation of the PCRA. **See Commonwealth v. Perez**, 55 A.3d 124 [34 MDA 2012] (Pa. Super. 2012) (unpublished memorandum), *appeal denied*, 57 A.3d 69 (Pa. 2012), *cert. denied*, 133 S. Ct. 1728 (U.S. 2013).

the petition without a hearing on June 26, 2014. **See** Pa.R.Crim.P. 907.

Perez filed a response to the Rule 907 notice on July 21, 2014. On July 25,

2014, after considering Perez's response, the PCRA court dismissed his

petition. This *pro se* appeal followed.[6]

"Crucial to the determination of any PCRA appeal is the timeliness of

the underlying petition. Thus, we must first determine whether the instant

PCRA petition was timely filed." **Commonwealth v. Smith**, 35 A.3d 766,

768 (Pa. Super. 2011), *appeal denied*, 53 A.3d 757 (Pa. 2012).

> The PCRA timeliness requirement … is mandatory and jurisdictional in nature. **Commonwealth v. Taylor**, 933 A.2d 1035, 1038 (Pa. Super. 2007), *appeal denied,* 597 Pa. 715, 951 A.2d 1163 (2008) (citing **Commonwealth v. Murray**, 562 Pa. 1, 753 A.2d 201, 203 (2000)). The court cannot ignore a petition's untimeliness and reach the merits of the petition. **Id**.

**Commonwealth v. Taylor**, 67 A.3d 1245, 1248 (Pa. 2013). A PCRA

petition must be filed within one year of the date the underlying judgment

becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment is deemed final "at the

conclusion of direct review, including discretionary review in the Supreme

Court of the United States and the Supreme Court of Pennsylvania, or at the

expiration of time for seeking review." 42 Pa.C.S. § 9545(b)(3). Here, our

review of the record reveals the Pennsylvania Supreme Court denied Perez's

---

[6] On August 21, 2014, the PCRA court ordered Perez to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Perez filed a concise statement on September 8, 2014. The PCRA court issued an opinion pursuant to Pa.R.A.P. 1925(a) on September 11, 2014, adopting its June 26, 2014, opinion.

- 5 -

PAA on December 2, 2003. ***See Commonwealth v. Perez***, 839 A.2d 351 (Pa. 2003) (*per curiam*). Therefore, Perez's judgment of sentence became final on March 2, 2004, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3); U.S.Sup.Ct.R. 13. As such, any PCRA petition had to be filed by March 2, 2005. Perez did not file the present PCRA petition until April 28, 2013. Accordingly, Perez's petition is patently untimely.

Nevertheless, an untimely PCRA petition may be considered if one of the following three exceptions applies:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i-iii). Furthermore, a PCRA petition alleging any of the exceptions under Section 9545(b)(1) must be filed within 60 days of when the PCRA claim could have first been brought. 42 Pa.C.S. § 9545(b)(2).

> The timeliness exception set forth in Section 9545(b)(1)(ii) requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. **Commonwealth v. Bennett**, 593 Pa. 382, 395, 930 A.2d 1264, 1271 (2007). Due diligence demands that the petitioner take reasonable steps to protect his own interests. **Commonwealth v. Carr**, 768 A.2d 1164, 1168 (Pa. Super. 2001). A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. **Commonwealth v. Breakiron**, 566 Pa. 323, 330–31, 781 A.2d 94, 98 (2001); **Commonwealth v. Monaco**, 996 A.2d 1076, 1080 (Pa. Super. 2010), *appeal denied,* 610 Pa. 607, 20 A.3d 1210 (2011). This rule is strictly enforced. **Id.** Additionally, the focus of this exception "is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts." **Commonwealth v. Marshall**, 596 Pa. 587, 596, 947 A.2d 714, 720 (2008) (emphasis in original).

**Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015).

In his sole issue on appeal, Perez argues the PCRA court erred in dismissing his petition without conducting a hearing because his argument meets the exception found in Section 9545(b)(1)(ii) regarding newly-discovered facts.. Specifically, Perez contends that in February 2014, he re-established contact with Ivette Cepeda, his girlfriend at the time of trial, and she informed him that, while in the courtroom prior to the commencement of his 2001 trial, one of the victims, Herbert Deibert, admitted to Cepeda that he did not recognize Perez and then left the courtroom with the prosecuting officers. **See** Perez's Brief at 8-11. Perez avers "Cepeda's affidavit raises a genuine issue of material fact with respect to whether Herbert Diebert's identification of [Perez] was the result of police misconduct, i.e., Michael Gombar and Christopher Santoro of the Reading Police Department, who

influenced Diebert's testimony in favor of guilt by directly identifying [Perez] for Diebert." *Id.* at 11. Perez alleges that although Cepeda was his girlfriend at the time, she did not convey this information to him, and that as soon as he was convicted, Cepeda disappeared and it took him over a decade to find her. *Id.* at 8. Moreover, he states he had no knowledge that she knew such information and he was only trying to locate her because of the child that they shared. *Id.*

Here, the PCRA court found the following:

Without addressing the credibility of Ms. Cepeda's new statement, the Court believes that these facts could have been ascertained earlier by the exercise of due diligence. Since the time that Ms. Cepeda allegedly spoke with the victim in the courtroom, [Perez] has previously been represented by trial counsel, appellate counsel and PCRA counsel. If this claim had previously been presented, counsel could have searched for Ms. Cepeda on [Perez]'s behalf. Furthermore, as Ms. Cepeda was [Perez]'s girlfriend at the time of trial, [Perez] probably knew how to get into contact with her. It is not a reasonable assumption that Ms. Cep[e]da would attend [Perez]'s trial, while she was still his girlfriend, learn that the victim could not identify him, and not share this information with [Perez] or his counsel. It has been more than thirteen (13) years since [Perez]'s trial. While the Court recognizes that [Perez] has been incarcerated since that time, [Perez] has not shown that he took any actions to learn these facts earlier than 2014. This inaction is particularly concerning based on the fact that [Perez] has previously contested his identification. [Perez] has not shown that he could not have ascertained these facts earlier by the exercise of due diligence. Therefore, the Court does not believe that the § 9545(b)(1)(ii) exception excuses the untimely filing of [Perez]'s PCRA petition.

PCRA Court Opinion, 6/26/2014, at 7-8.

We agree with the court's analysis. Moreover, of significance, we are guided by the following: "[A] claim based on inadmissible hearsay does not implicate" the Section 9545(b)(1)(ii) exception. ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1269 (Pa. 2008), *cert. denied*, 555 U.S. 916 (2008).

In **Abu-Jamal**, the defendant filed an untimely PCRA petition, in which he attempted to invoke the Section 9545(b)(1)(ii) exception. In his petition, the defendant asserted he received new evidence that a vital Commonwealth witness, Priscilla Durham, had recanted her trial testimony implicating him in the criminal acts. To meet this burden, the defendant presented a declaration by his fellow inmate, Kenneth Pate, who stated he had a phone conversation with Durham, during which she admitted police had directed her to falsely testify she heard the defendant confess to the crimes. The PCRA court dismissed the petition as untimely, and the defendant then appealed directly to the Pennsylvania Supreme Court because he had been sentenced to death.[7]

In concluding the PCRA court properly found the defendant's petition was untimely and did not fall under the Section 9545(b)(1)(ii) exception, the Supreme Court opined, in pertinent part:

> [The defendant] offers no explanation as to why Pate, who asserted he was aware of Durham's alleged perjury in 1984, did not come forward with this information until nearly 20 years later. Thus, we cannot say [the defendant] raised his issues

---

[7] ***See*** 42 Pa.C.S. § 9546(d).

- 9 -

regarding the applicability of [Section 9545(b)(1)(ii)] in a timely manner[.]

…

Because Pate's testimony concerned an out-of-court statement by Durham relied upon for its truth, it was hearsay. *See* Pa.R.E. 801(c) (hearsay is statement, other than one made by declarant while testifying at trial, offered in evidence to prove truth of matter asserted). [The defendant] contends Durham's statement to Pate was a statement against interest and is admissible under the hearsay exception in Pa.R.E. 804(b)(3). However, for this exception to apply, the declarant must be unavailable as a witness, *see* Pa.R.E. 804(b), and [the defendant] offers no proof Durham is not available. Therefore, Pate's declaration was inadmissible hearsay and does not fall under § 9545(b)(1)(ii)'s timeliness exception.

*Abu-Jamal*, 941 A.2d at 1269-1270.

Turning to the present matter, we find that ***Abu-Jamal*** is substantially similar to this case. Perez attempts to invoke the "new facts" exceptions by claiming that Deibert gave a statement to Cepeda prior to Perez's trial, in which he apparently admitted that he did not recognize Perez,[8] and since Cepeda disappeared directly after his trial, Perez avers he was not aware of and he could not have discovered this information earlier with the exercise of due diligence. Because Cepeda's affidavit concerned an out-of-court statement by Deibert relied upon for its truth, it is hearsay. However, Perez only presents Cepeda's statements, without any proof that Deibert (the declarant) is not available. *See* Pa.R.E. 804(b)(3). Likewise, he does not

_____

[8] ***See*** Affidavit of Ivette Cepeda, 2/28/2014.

offer any corroborating evidence to indicate the trustworthiness of Deibert's statement. **See** Pa.R.E. 804(b)(3)(B). Furthermore, as indicated by the PCRA court, Perez does not explain why Cepeda, who was apparently aware of this falsification in 2001, did not come forward with this information until over 13 years later. As such, Cepeda's affidavit fails to satisfy the hearsay exception set forth in Rule 804(b)(3). Accordingly, Perez's present PCRA petition is based on inadmissible hearsay that cannot satisfy the "new facts" timeliness exception pursuant to Section 9545(b)(1)(ii). **See Abu-Jamal**, **supra**. Therefore, the PCRA court properly denied his petition, and we affirm its July 25, 2014, order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/2/2015